**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-mj-2228-JJO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**FELIPE MONCALEANO BOTERO,**

    **Defendant.**

    _____/

**THIRD CONSENT MOTION TO**
**CONTINUE PRELIMINARY EXAMINATION AND**
**EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States hereby moves the Court, with the express consent of the defendant, Felipe Moncaleano Botero, and the defendant's counsel, both to adjourn the preliminary examination in this case to June 18, 2020, and to order that all time from and including May 18, 2020 through June 18, 2020 shall be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h).  The parties hereby stipulate and agree: (i) that good cause exists to adjourn the preliminary examination and to extend the time to indict in this case; (ii) that the time period from and including May 18, 2020 through June 18, 2020 shall constitute excludable delay under the Speedy Trial Act; and (iii) that the delay is based on the interests of justice due to the unusual factual complexity of the case, the need for time for counsel for the defendant to review materials with the defendant, the need for time for effective preparation taking into account the exercise of due diligence, and the desire of the parties to discuss the possible resolution of the case, all of which are in the interests of justice

and outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7). In support of this motion, the parties state as follows:

1. On February 12, 2020, the defendant was charged in a criminal complaint with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On February 17, 2020, the defendant was arrested. On February 18, 2020, the defendant made his initial appearance before the Honorable Magistrate Judge McAliley with private counsel. On February 24, 2020, Judge Torres held a hearing on the government's motion for pretrial detention of the defendant. The court continued the hearing in order for the defendant to prepare an adequate bond package. On February 28, 2020, the government's motion for pretrial detention was denied and the defendant was released on conditions designed to reasonably assure the defendant's appearance at future court proceedings.

2. On February 25, 2020, the government filed a Consent Motion to Continue Preliminary Examination and Exclude Time Under the Speedy Trial Act to extend the preliminary examination to April 3, 2020. The motion was granted on February 26, 2020.

3. One March 24, 2020, the government filed a Second Consent Motion to Continue Preliminary Examination and Exclude Time Under the Speedy Trial Act to extend the preliminary examination to May 18, 2020. The motion was granted on May 26, 2020.

4. The Speedy Trial Act requires that an information or indictment be filed within 30 days of the defendant's arrest or service with summons. Further, under Federal Rule of Criminal Procedure 5.1(c), a magistrate must hold a preliminary hearing no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody. However, a magistrate may extend that time limit set in Rule 5.1(c) with the defendant's consent and upon a showing of good cause. Fed. R. Crim. P. 5.1(d).

5.      The parties jointly request that the Court extend the time to indict.  Extending the time period to indict would be in the interests of justice in that the additional time is necessary in this case due to the unusual factual complexity of the case, the need for time for counsel for the defendant to review materials with the defendant, the need for time for effective preparation taking into account the exercise of due diligence, and the desire of the parties to discuss the possible resolution of the case, all of which are in the interests of justice and outweigh the best interests of the public and the defendant in a speedy trial.  The parties therefore respectfully submit that all time from and including May 18, 2020 through June 18, 2020 should be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h).

6.      The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment or information in this case for the time period specified in this motion.  This waiver is made knowingly, intentionally, and voluntarily by the defendant; with full knowledge of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; and with the advice and consent of defense counsel.

7.      For these same reasons, the parties also request that the preliminary examination be adjourned to June 18, 2020.

WHEREFORE, the parties request an order providing that all time from and including May 18, 2020 through June 18, 2020 shall be excluded in computing the time within which an information or indictment must be filed pursuant to 18 U.S.C. § 3161(h), and that the preliminary exam be adjourned until June 18, 2020.

Dated: May 12, 2020

                    Respectfully submitted,

                    ARIANA FAJARDO ORSHAN
                    UNITED STATES ATTORNEY

                    ROBERT ZINK
                    CHIEF, FRAUD SECTION

By:   */s/ Alexander Kramer*_____
       ALEXANDER KRAMER
       LA'NESE CLARKE
       KATHERINE RAUT
       TRIAL ATTORNEYS, CRIM. DIVISION
       DEPARTMENT OF JUSTICE
       Court I.D. No. A5502240
       99 N.E. 4th Street
       Miami, FL 33132
       Telephone: (202) 768-1919
       Alexander.kramer@usdoj.gov
       Lanese.clarke@usdoj.gov
       Katherine.raut@usdoj.gov

Defendant's Signature: I have consulted with my attorney and fully understand all of my rights with respect to a preliminary examination within 14 days after my initial appearance if I am in custody or within 21 days if I am not in custody and a speedy trial, including my right to be charged by information and indictment within 30 days of arrest or service of summons under 18 U.S.C. § 3161(b). I agree that all time from and including May 18, 2020 through June 18, 2020 should be excluded in computing the time within which an information or indictment must be filed by the government for the reasons stated in the motion, and I waive my right to a preliminary examination prior to June 18, 2020. I have read this motion and carefully reviewed every part of it with my attorney. I understand this motion and voluntarily agree to it.

Date: 5/12/2020

FELIPE MONCALEANO BOTERO

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant his right to a preliminary examination within 14 days after his initial appearance if he is in custody or within 21 days if he is not in custody and his right to be charged by information and indictment within 30 days of arrest or service of summons. I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I have fully explained to the defendant the provisions that may apply in this case. To my knowledge, the defendant's decision to agree to the requested exclusion of time under the Speedy Trial Act and to waive his preliminary examination is an informed and voluntary one.

Date: 5/12/20

FERNANDO TAMAYO
Counsel for Defendant

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2020, I provided a copy of the foregoing pleading to Fernando Tamayo, counsel for the defendant, by emailing the same to ftamayo@coffeyburlington.com.

    */s/ Alexander Kramer*
Alexander Kramer